IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAMELA A. SAVINEN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09-cv-571-CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups has referred Pamela A. Savinen's ("Plaintiff") motion for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA")[1] to Magistrate Judge Paul M. Warner.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

In April 2008, Plaintiff filed applications for Disability Insurance Benefits under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f, alleging an onset date of June 30,

---

[1] *See* docket no. 27.

[2] *See* docket no. 31.

2007 ("First Applications"). On January 30, 2009, an administrative law judge ("ALJ") denied the First Applications. On May 19, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision Michael J. Astrue's ("Commissioner") final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

In April 2009, Plaintiff again filed applications for benefits, this time alleging an onset date of February 1, 2009 ("Second Applications"). While the Second Applications were pending, Plaintiff filed this case on June 26, 2009, seeking judicial review of the Commissioner's final decision denying the First Applications. On April 22, 2011, this court issued a Report and Recommendation ("R&R").[3] In the R&R, this court recommended that the Commissioner's final decision denying the First Applications be affirmed.

On May 6, 2011, Plaintiff filed objections to the R&R.[4] Along with her objections, Plaintiff included a fully favorable decision from an ALJ on the Second Applications, dated March 22, 2011.[5] The ALJ's decision on the Second Applications considered new evidence, which was not part of the record in this case.

According to the Commissioner, in light of that new evidence, the Commissioner's counsel determined that it was necessary to confer with the Appeals Council concerning the

---

[3] *See* docket no. 19.

[4] *See* docket no. 20.

[5] *See id.*, Exhibit 1.

2

ALJ's decision on the First Applications and the possibility of a motion for remand. The Commissioner asserts that, in particular, his counsel conferred with the Appeals Council regarding the propriety of a remand to reconcile the Commissioner's decision on the First Applications with the decision on the Second Applications. The Commissioner contends that after conducting a review, the Appeals Council determined that a remand for further administrative proceedings was appropriate. Consequently, on June 9, 2011, the Commissioner filed an unopposed motion to remand in this case,[6] which Judge Waddoups granted on July 22, 2011.[7]

On September 16, 2011, Plaintiff filed the motion for attorney fees and costs currently before the court. The Commissioner opposes Plaintiff's motion.

## **ANALYSIS**

The EAJA provides for an award of costs to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a judgment for costs, . . . but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a)(1). The EAJA also provides for an award of attorney fees and other expenses to a prevailing party, as follows:

---

[6] *See* docket no. 25.

[7] *See* docket no. 26.

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id*. § 2412(d)(1)(A). The EAJA further provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id*. § 2412(d)(1)(B).

> [T]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified. The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person. The [Commissioner's] position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted).

Plaintiff argues that she is entitled to an award of attorney fees and costs pursuant to the EAJA and has included the required itemized statement of fees. Plaintiff asserts that she is the prevailing party and that the position of the Commissioner in this case was not substantially justified. In response, the Commissioner argues that his position in this case was substantially justified.

As noted above, the court bases its decision about whether the Commissioner's position was substantially justified on the record in this case. *See* 28 U.S.C. § 2412(d)(1)(B). Based on that record, the court has determined that the Commissioner's position, at the time it was taken, was substantially justified. Indeed, in the R&R, this court recommended that the Commissioner's decision on the First Applications be affirmed. The fact that new evidence was later produced and considered as part of the Second Applications does not persuade the court that the Commissioner's position was not substantially justified at the time it was taken in this case.

Furthermore, the fact that the Commissioner chose to voluntarily remand this case does nothing to alter the court's conclusion concerning substantial justification. To the contrary, the court is persuaded that the Commissioner's decision to remand the case was an efficient outcome in light of the newly produced evidence that was considered with the Second Applications.

For these reasons, the court concludes that the Commissioner's position in this case was substantially justified. Accordingly, Plaintiff's motion for attorney fees and costs[8] is **DENIED**.[9]

**IT IS SO ORDERED**.

DATED this 1st day of December, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 27.

[9] Because the court has denied Plaintiff's motion for attorney fees and costs, it is unnecessary for the court to reach the issue of whether EAJA costs and fees should be paid to Plaintiff or to Plaintiff's counsel.